# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 21-355 (RBW) |
| | ) | |
| LORI ANN VINSON and | ) | |
| THOMAS ROY VINSON, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## ORDER

On October 31, 2024, the defendants filed a motion requesting that the Court "terminate [their] probation pursuant to 18 U.S.C. § 3564(c)." Thomas and Lori Vinson's Motion to Terminate Probation ("Defs.' Mot.") at 1, ECF No. 60. On January 15, 2025, the government filed its response, indicating that "[i]n light of the defendants' longstanding acceptance of responsibility, as well as their successful, commendable, and prolonged period on probation— longer than most defendants—the government takes no position on termination of the defendants' probation/supervised release." Response to Defendant[s'] Motion for Early Termination of Probation/Supervised Release ("Gov't's Resp.") at 1, ECF No. 64. Nonetheless, upon consideration of the defendants' motion and the record in this case, the Court concludes that it must grant in part and deny in part the defendants' motion to terminate their probation. Specifically, the Court concludes that it will grant the defendants' motion as to Thomas Roy Vinson and deny the defendants' motion as to Lori Ann Vinson.

This case arises out of the events at the Capital on January 6, 2021. The defendants were charged in this case with (1) Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1) ("Count One"); (2) Disorderly and Disruptive Conduct in a Restricted

Building, in violation of 18 U.S.C. § 1752(a)(2) ("Count Two"); (3) Violent Entry and

Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) ("Count

Three"); and (4) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40

U.S.C. § 5104(e)(2)(G) ("Count Four").  See Information at 1, ECF No. 16.  On July 27, 2021,

the defendants pleaded guilty as to Count Four of the Information.  See Min. Entry (July 27,

2021); see also Plea Agreement at 1, ECF No. 28 (Thomas Vinson); Plea Agreement at 1, ECF

No. 30 (Lori Vinson).  Subsequently, on October 22, 2021, the Court adopted the Presentence

Investigation Report and concluded that the U.S. Sentencing Guidelines did not apply.  See

Sealed Sentencing Recommendation at 1, ECF No. 42.  The Court ultimately sentenced each

defendant to sixty months' probation, a $5,000 fine, and $500 in restitution.  See Judgment in a

Criminal Case at 2, 4–5, ECF No. 55 (Lori Vinson); Judgment in a Criminal Case at 2, 4–5, ECF

No. 57 (Thomas Vinson).

Under 18 U.S.C. § 3564(c),

[t]he [C]ourt, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c) (emphasis added).

And, pursuant to 18 U.S.C. § 3553(a), the Court must consider, inter alia, the following

factors: (1) "the nature and circumstances of the offense and the history and characteristics of the

defendant;" (2) "the need for the sentence imposed[] to reflect the seriousness of the offense, to

promote respect for the law, [ ] to provide just punishment for the offense[,] [ ] to afford

adequate deterrence to criminal conduct[,] to protect the public from further crimes of the

defendant[,] and to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the kinds of sentence and the sentencing range established for [ ] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [ ] issued by the Sentencing Commission[;]"and (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

The defendants argue that termination of their probation pursuant to 18 U.S.C. § 3564(c) is warranted because (1) "[b]oth have completed [thirty-six] months of probation—which is to stay they have completed the term of probation that this Court routinely began imposing on January 6 misdemeanor cases that followed their conviction and sentence . . . ," Defs.' Mot. at 3; and (2) the § 3553(a) factors weigh in favor of terminating their probation in light of the fact that they "have paid their fine and restitution, and have completed their community service, and have remained compliant with all the terms of their probation[,]" id. at 2. And, as indicated above, "[i]n light of the defendants' longstanding acceptance of responsibility, as well as their successful, commendable, and prolonged period on probation—longer than most defendants— the government takes no position on termination of the defendants' probation/supervised release." Gov't's Resp. at 1.

Based on the record in this case, the Court concludes that the § 3553(a) factors weigh in favor of granting the defendants' request for termination of probation as to Thomas Vinson but weigh against the request as to Lori Vinson. At sentencing, the Court based its analysis of the § 3553(a) factors on the defendants' lack of criminal history and community involvement, see Transcript of Sentencing Before the Honorable Senior Judge Reggie B. Walton ("Sent'g Tr.") at

65:7–11, ECF No. 62, the seriousness of their offense and the need for deterrence, see id. at

65:23–66:17, and the need to avoid unwarranted disparities among similar defendants, see id. at

66:21–24.  Particularly relevant here, as the Court noted at sentencing, the government did "not

ask[] that Mr. Vinson be detained, but [did] ask[] that Ms. Vinson be detained[,]" see id. at

65:16–17, based on Ms. Vinson's statements after January 6, 2021, which the government

argued were "a significant aggravating factor in this case[,]" Government's Sentencing

Memorandum at 16, ECF No. 43.  The Court concurred, emphasizing that Ms. Vinson's

comments after January 6, 2021 to media—"saying that she was proud of the things that she

did[]"—may have "suggest[ed] that violence was appropriate[,]" and "could cause people to feel

that what happened on that date was an appropriate thing for people who purportedly loved this

country to do."  Sent'g Tr. at 67:8–13.  While the Court reluctantly determined that a prison

sentence was not appropriate as to Ms. Vinson, that decision was primarily based on the cost

taxpayers would bear as a result of her detention, in addition to Ms. Vinson's inability to provide

for a "young man who obviously[,] because of his mental handicap[,] needs the assistance" she

provides to him and others to whom Ms. Vinson provides medical assistance, if she was

incarcerated.  Id. at 67:18–68:6.  Nonetheless, the Court emphasized the serious nature of Ms.

Vinson's conduct on—and after—January 6, 2021, and the need for deterrence, see id. at 65:23–

66:17, as the basis for imposing the lengthy period of probation.

Therefore, although the Court at sentencing noted that it would "consider . . . reducing

[the defendants' term of probation] at some point if in fact there's full compliance with all of the

conditions of probation that [the Court] [ ] impose[d,]" id. at 68:11–14, the Court must still

weigh the § 3553(a) factors in determining whether to grant the defendants' motion in full or in

part.  While the Court appreciates both defendants' compliant behavior while on probation, that

alone does not necessarily warrant that both be granted early termination of their probation. And, upon consideration of the parties' submissions and the entire record in this case, the Court concludes for the foregoing reasons that the § 3553(a) factors weigh in favor of early termination of Thomas Vinson's term of probation, and against early termination of Lori Vinson's term of probation. Because the Court may only exercise its discretion to terminate a term of probation "after considering the factors set forth in section 3553(a)[,]" 18 U.S.C. § 3564(c), the Court concludes that Lori Vinson's request for early termination should be denied due to her disturbing conduct following the commission of the crime to which she pleaded guilty.

On the other hand, the Court concludes that it will exercise its discretion and grant the defendants' motion as to Thomas Vinson because early termination of his probation "is warranted by the conduct of the defendant and the interests of justice." Id. Specifically, the Court concludes early termination of Mr. Vinson's term of probation is warranted because of his conduct during and after the commission of the crime to which he pleaded guilty, his full compliance with his terms of probation, and his continued volunteer work in his community.

Accordingly, it is hereby

**ORDERED** that Thomas and Lori Vinson's Motion to Terminate Probation, ECF No. 60, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it seeks the early termination of probation as to defendant Thomas Vinson. The motion is **DENIED** in all other respects. It is further

**ORDERED** that defendant Thomas Vinson's term of probation is **TERMINATED**.

**SO ORDERED** this 16th day of January, 2025.

REGGIE B. WALTON
United States District Judge